IN THE MATTER OF THE APPLICATION FOR EXPUNGE-
MENT OF THE COMMITMENT RECORDS OF H.
H., PETITIONER, v. ESSEX COUNTY ADJUSTER, DE-
FENDANT.

Juvenile and Domestic Relations Court
Essex County

March 8, 1977.

*Mr. Marius Grosso* for petitioner (*Grosso & Beck,* attorneys).

*Mr. Thomas Clohosey* for Essex County (*Mr. Peter G. Stewart,* Essex County Counsel, attorneys).

*Mr. David Lazarus* (Community Mental Health Law Project), *amicus curiae* for Essex County Mental Health Association.

APTER, J. J. D. R. The facts, for purposes of this hearing, are essentially as follows: Petitioner was on October 27, 1961 committed to the Essex County Overbrook Hospital (now known as the Essex County Hospital Center) by order of Judge Bellfatto of the Juvenile and Domestic Relations Court, and on February 7, 1964 she was discharged as recovered. On June 5, 1964 petitioner was recommitted to Essex County Hospital Center by order of Judge Bellfatto and subsequently discharged on June 30, 1966 as recovered.

The final order of commitment, dated October 27, 1961, Ordered that

* * * the cost of care and maintenance of II shall be borne and paid by the County of Essex, State of New Jersey and father, W. H. * * * who is hereby Ordered to pay currently and on account the

sum of $40.00 per month from date of admission until * * * discharged according to law and it is further Ordered that the estate of said patient and the person or persons chargeable with liability for such support shall be and remain liable to pay such per capita rate from the time of admission of said patient.

A similar provision was made in the final order of commitment dated June 5, 1964.

Petitioner seeks relief pursuant to *N. J. S. A.* 30:4–80.8, as amended October 29, 1976:

1. Any person who has been, or shall be, committed, by order of any court or by voluntary commitment, to any institution or facility providing mental health services and who was, or shall be, discharged from such institution or facility as recovered may apply to the court by which such commitment was made by verified petition setting forth the facts and praying for the relief provided for in this act.

\*        \*        \*        \*        \*        \*        \*        \*

4. If an Order expunging such commitment is granted, the commitment shall be deemed not to have occurred and the petitioner may answer accordingly any question relating to its occurrence.

County counsel argues that relief cannot be granted where any outstanding sums are owed for care and treatment, and asserts that there is in fact $7,045.41 owed to Essex County for the care and treatment of petitioner. That the Legislature, in enacting *N. J. S. A.* 30:4–1 *et seq.,* devotes a major portion of such act to issues of debt and settlement, and that the act in its entirety should be construed to mean that satisfaction of such debt precede expungement. To do otherwise would nullify any order to pay or liability of such persons chargeable with such debt. County counsel also asserts that if an order was entered expunging the record of commitment, such record of debt due and owing to the county would also be expunged and prevent the county from obtaining payment from anyone if the petition is granted. In addition, that petitioner apply to the county adjuster for a hearing to determine her ability to pay any fees or charges of commitment as a prerequisite to relief under *N. J. S. A.* 30:4–80.8. It further argues that if this court orders the

commitment expunged, such order should contain a provision to protect the outstanding claims of Essex County in the sum of $7,045.41.

Petitioner asserts that the purpose of *N. J. S. A.* 30:4–80.8 is to protect the employment opportunities of former patients so that petitioner may answer any questions relating to the commitment as if it had not occurred. If such order expunging a record of commitment contained a provision as to future liability, it would negate the purpose of such statute in that such order will operate in the future and still be in existence. Petitioner further argues that inclusion in such order for expungement of an order assessing liability would deny petitioner due process of law by depriving her of a hearing at which her ability to pay could be established.

*Amicus curiae* argues that the statute is clear on its face and the only precondition to granting a petition is that (a) the patient be discharged as recovered from such institution, and (b) the commitment in no way concerns a criminal cause. That expunging such record does not in any way discharge any lien or effect any liability of persons liable to pay pursuant to *N. J. S. A.* 30:4–66, 74, 80.1, 80.3 and 80.4. Furthermore, if relief were to be denied solely because a debt was outstanding, indigent persons would be denied equal protection under our laws.

This court is well aware of the county's pecuniary interest in this matter. However, there is no discretionary terminology in the statute at hand and there are no preconditions to the granting of relief as stated in the petition. The sole prerequisite is that petitioner be discharged as recovered in order to avail herself of such relief. The court distinguishes between the order concerning liability for care and maintenance and the order of commitment. The statute's intention is to remove the stigma that attaches to the latter and at the same time leave intact the county's pecuniary interests. The expungement of records of commitment does not eliminate any debt legally owing to the county or State. This was clearly not the legislative intent, nor was it the

legislature's intent to deny the application of the statute for expungement when debts are due and owing to the county. This court therefore holds that these proceedings can be bifurcated to allow for a hearing on expungement and a hearing on liability, each independent of the other. The final orders of commitment, in that they included an order to pay and a provision fixing liability, were entered in such form for the convenience of the court only. A problem inherent in this type of order can best be remedied by requiring the county or State to keep cost of care and maintenance separate from commitment orders.

Therefore, the petition for expungement will be granted and will pertain only to the orders of commitment, and will not include records of liability, if any, owed by petitioner or those persons who by law are responsible for such obligation. I leave the question of petitioner's liability and the ability to pay to the office of the county adjuster, which may request a separate hearing on that issue.

Petition granted.